ELIZABETH STRAHORN, Appellant, v. JOHN STRA-
HORN, Respondent.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Appellate Practice: DIVORCE: FINDING OF TRIAL COURT.**
In divorce and equity suits it is the duty of the appellate court to
weigh and consider all the evidence and direct such change in the
judgment as to it seems proper; and while it may defer in some
measure to the finding of the trial court it is not bound thereby.

2. **Divorce: IGNORANCE: CRUEL TREATMENT: EVIDENCE.** The
evidence in this case is reviewed and found to authorize the wife to
a divorce with alimony.

Appeal from the Cedar Circuit Court.—*Hon. D. P. Stratton,*
Judge.

REVERSED AND REMANDED (*with directions.*)

*Cole & Burnett* for appellant.

(1) The evidence in case at bar shows that plaintiff
was subjected by her husband to a long catalogue of indignities
which were well calculated to render her condition intolerable.
Such treatment entitles the wife to a divorce. Tripp v. Tripp,
78 Mo. App. 413. (2) Divorce is a legal right and where
the facts which entitle a plaintiff to it exist, as they do in
this case, the courts have no discretion to deny it. Deschodt v.
Deschodt, 59 Mo. App. 102, 106; Morris v. Morris, 60 Mo.
App. 87. (3) The court of appeals is not bound by the
finding of the lower court but will render its own conclusions
upon the proof contained in the record. Griesedieck v.
Griesedieck, 56 Mo. App. 94; Owen v. Owen, 48 Mo. App.
208-211; Hoffman v. Hoffman, 43 Mo. 547-551; R. S. 1889,
sec. 2304.

Strahorn v. Strahorn.

GILL, J.—This is a suit for divorce, wherein the wife, as plaintiff, charges the defendant husband, first, with such cruel and barbarous treatment as to endanger her life, and, second, with offering her such indignities as to render her condition as his wife intolerable. In his answer and cross-bill the defendant—after admitting the marriage, the separation in November, 1897, etc.—charges indignities on the part of his wife and prays for divorce. At the trial below the court refused a divorce for both the parties, dismissed the petition and cross-bill, and plaintiff appealed.

We seldom feel it our duty to reverse the finding of a trial judge on the facts of a case, though in divorce and equity suits it is our duty to weigh and consider all the evidence, and direct such a change or modification of the judgment as to us may seem proper. And while in so doing we are authorized to defer somewhat to the finding of the lower court, we are not yet bound by its judgment.

A careful reading of this record has convinced us that the plaintiff wife has a good and meritorious claim for divorce. In our opinion, the evidence establishes both of the statutory grounds set up in her petition—she has been so barbarously treated as to endanger her life, and subjected to such indignities that it would be cruel to force her to remain any longer the wife of the defendant.

At the date of their separation in November, 1897, this couple had been married about thirty-two years and the wife had given birth to ten children, two of which were then minors. The husband is a coal miner, and this has been his occupation for nearly the entire period of their married life. Shortly however before the separation a poor little farm had been secured in Cedar county and the family resided there. The husband however spent much of his time away from home, working in coal mines, while the wife with her children were left on the farm. They were poor and had lived at different times in several states of the Union.

The preponderance of the evidence shows that during the last several years the husband habitually conducted himself in a neglectful, cruel and barbarous manner towards his wife. He was so continually abusive towards her that it might be well called his normal condition. He not only quarrelled, but cursed and used the vilest and most abusive language towards her. He would frequently upbraid her in presence of the children and denounce her as "a damned liar," "a damned old bitch" and as "a damned old troup"—the latter intended, according to the understanding of the family, as meaning a woman of bad character, a prostitute. On several occasions, too, the defendant struck his wife, and even, according to his own admissions, threatened to beat her with a chair, and would have done so if not prevented. At one time Mrs. Strahorn was badly injured in a runaway and thrown in a ditch. The husband was at the time away from home but he did not go to his wife or pay any attention to her—never saw her till three months thereafter.

The climax of this course of maltreatment came on November 18, 1897, when the defendant went into the little family dwelling and insisted on using the milk bucket to slop the hogs. The wife objecting, he turned on her in a great rage, knocked her down and beat her, so that her head and body were sorely bruised. At that time he threatened to get his gun and kill the plaintiff. She fled to the house of a neighbor and never returned to him. This and other outrageous conduct of this man make a strong case for divorce. It was such as to render the plaintiff's condition as his wife intolerable within the meaning of the statute; and the assault and threats of November 18, when the plaintiff was driven from her home, constituted such cruel and barbarous treatment as to endanger the life of the wife.

It is true that on the witness stand the defendant denied most of these charges, but he admits sufficient of them to justify the charges and to warrant the conclusion that he was

most brutal in the treatment of his wife.   It is a significant fact, too, that the defendant's testimony is confronted and opposed not only by that of the wife but of every member of the family.   The children at home fully corroborate the mother and unite in· saying that the father was continually abusive and cruel towards the mother.   Besides, the testimony of the defendant is of itself inconsistent, contradictory and unsupported in so far as it differs from that of the plaintiff's witnesses.   We think his testimony is so unreliable that no defense or counterchange against the wife ought to be considered when resting alone on such evidence.

As to the question of alimony, we think but little should be expected.   We will reverse the judgment and remand the cause with directions to the circuit court to enter a decree of divorce for the plaintiff with an allowance of $300 alimony in gross, she, the plaintiff, to have the care and custody of the two minor children.   All concur.